THE NEW-YORK FIRE INSURANCE COMPANY *v.* DONALDSON and others.

A mortgage, made to an insurance company, is not void for usury, on the ground that, under a covenant allowing the mortgagees to insure, they caused such insurance to be effected in their own office and charged the premium. (The case of the *Utica Insurance Company* v *Cadwell*, 3 Wend. 296, containing the same doctrine, approved.)

BILL to foreclose a mortgage given to the complainants, by the defendants, Robert Donaldson and Mary his wife.

The mortgage contained a clause, giving permission to the complainants to keep the buildings erected on the premises

*[margin: 1838. THE NEW-YORK FIRE INS. CO. v. DONALDSON.]*

*[margin: April 9, 1838.]*

*[margin: Usury. Premium on Insurance. Insurance.]*

1838.

THE NEW-YORK
FIRE INS. CO.
v.
DONALDSON.

insured against loss by fire; and making the amount of premium a lien.

The answer admitted the making of the bond and mortgage, but set forth the provision in the latter as to insurance, that the complainants insured the mortgaged premises in their own office for five thousand dollars; that fifteen dollars were paid to the complainants for continuing insurance for a year; and that, therefore, in addition to the interest, the complainants managed to get a premium of fifteen dollars and, thereby, obtained usurious interest; that an insurance was not necessary for security of the complainants; and that they used their charter and their right to insure and power to loan money for usurious purposes; and that the insurance was a subtle device to cover the usury. . The only question in the case was, as to the effect of the receipt for the premium upon the security.

Mr. *Cowdrey,* for the complainants.

Mr. *H. M. Western,* for the defendants setting up the defence.

THE VICE-CHANCELLOR :—The face of the mortgage does not appear to furnish any evidence of an usurious agreement. The clause declaring it to be lawful for the mortgagees to keep the buildings insured and that the mortgage should operate to secure the re-payment of the premium paid for effecting the insurance, was intended to benefit the mortgagor as well as the security of the mortgagees. It certainly does not appear, from the clause itself or from any other matter in the complainants' bill, that it was intended, by the mortgagees, as a devise or means to evade the statute against usury or to obtain an interest greater than the law allows for the loan or forbearance of money.

The answer endeavors to show that this matter of premium of insurance is a mere shift or contrivance to cover an excessive or usurious rate of interest. This is new matter, not responsive; and the answer being replied to, it should be proved, but no proof is given.

The case is, then, on the point of usury, within the decision of the *Utica Insurance Company* v. *Cadwell,* 3 Wend. 296,

where the supreme court held that an insurance company, in making a loan, may lawfully have a condition that the borrower shall effect an insurance with the company and such insurance, being made at the usual rate of premium, is no evidence of usury : for the premium is not for the loan, but for the risk which the company incurs by the contract of insurance, while the borrower receives an equivalent for his premium independent of the loan.

There must be the usual decree, referring this case to a master to compute the amount due ; and for a sale of the mortgaged premises on the coming in and confirmation of the master's report.